UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCEREEN ENNIS,

                 Plaintiff,

       v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

_____

<u>DECISION & ORDER</u>

14-CV-6587P

## **<u>PRELIMINARY STATEMENT</u>**

Plaintiff Screen Ennis ("Ennis") brings this action *pro se* pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for Supplemental Security Income Benefits and Disability Insurance Benefits ("SSI/DIB"). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge.  (Docket # 12).

Currently before the Court is the government's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket # 9).  For the reasons set forth below, I hereby vacate the decision of the Commissioner and remand this claim for further administrative proceedings consistent with this decision.

## BACKGROUND

### I.    Procedural Background

Ennis protectively filed for SSI and DIB on July 30, 2012, alleging disability beginning on June 9, 2011, due to a slipped disc in her back and Crohn's disease.  (Tr. 172-73, 176).[1]  On October 17, 2012, the Social Security Administration denied Ennis's claim for benefits, finding that she was not disabled.  (Tr. 85-86).  Ennis requested and was granted a hearing before Administrative Law Judge Julia D. Gibbs (the "ALJ").  (Tr. 111, 115-33).  The ALJ conducted a hearing on July 29, 2013.  (Tr. 48-84).  In a decision dated September 10, 2013, the ALJ found that Ennis was not disabled and was not entitled to benefits.  (Tr. 17-24).

On August 13, 2014, the Appeals Council denied Ennis's request for review of the ALJ's decision.  (Tr. 4-9).  In the denial, the Appeals Council considered an evaluation of Ennis's physical abilities and limitations from Todd Bingemann ("Bingemann"), MD, that predated the ALJ's determination but was not submitted until after the ALJ had rendered her decision.  (Tr. 4, 7-8, 341-44).  The Appeals Council concluded that Bingemann's opinion did not "provide a basis for changing the [ALJ's] decision."  (Tr. 5).  Ennis commenced this action on October 15, 2014 seeking review of the Commissioner's decision.  (Docket # 1).

## DISCUSSION

### I.    Standard of Review

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards.  *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether

---

[1]  The administrative transcript shall be referred to as "Tr. __."

the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted).  Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence."  *See* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive").  Substantial evidence is defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  To the extent they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). When assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1)     whether the claimant is currently engaged in substantial gainful activity;

(2)     if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3)     if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4)     if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity to perform his past work; and

(5)     if not, whether the claimant retains the residual functional capacity to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

4

## II.    __Analysis__

The government maintains that the Appeals Council sufficiently considered the assessment authored by Bingemann that was submitted after the hearing and that remand is not warranted because the Appeals Council properly concluded that the assessment would not have altered the ALJ's decision.  (Docket # 9 at 19-20).  I disagree.

The regulations require the Appeals Council to consider "new and material" evidence "if it relates to the period on or before the date of the [ALJ's] hearing decision."  20 C.F.R. §§ 404.970(b) and 416.1470(b); *see Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996).  The Appeals Council, after evaluating the entire record, including the newly-submitted evidence, must "then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of evidence currently of record."  20 C.F.R. §§ 404.970(b) and 416.1470(b); *Rutkowski v. Astrue*, 368 F. App'x 226, 229 (2d Cir. 2010).  "If the Appeals Council denies review of a case, the ALJ's decision, and not the Appeals Council's, is the final agency decision," although the "[n]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review."  *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (quoting *Perez v. Chater*, 77 F.3d at 45).

Generally, a treating physician's opinion is entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2); *see also Gunter v. Comm'r of Soc. Sec.*, 361 F. App'x 197, 199 (2d Cir. 2010) ("the ALJ [must] give controlling weight to the opinion of the treating physician so long as it is consistent with the other substantial evidence").  Thus, "[t]he opinion of a treating physician is generally given greater weight than that of a consulting physician[]

because the treating physician has observed the patient over a longer period of time and is able to give a more detailed picture of the claimant's medical history." *Salisbury v. Astrue*, 2008 WL 5110992, *4 (W.D.N.Y. 2008).

As an initial matter, there does not appear to be any dispute that Bingemann's opinion was new and related to the relevant time period. *Lesterhuis v. Colvin*, 805 F.3d at 87. The government maintains that the opinion was not material and that the Appeals Council properly concluded that Bingemann's medical assessment did "not provide a basis for changing the [ALJ's] decision." (Tr. 5). I disagree. Bingemann provided treatment to Ennis from at least June 2010 through at least September 2013. (Tr. 310-13, 341-44). Indeed, in his assessment, Bingemann represented that he had treated Ennis for approximately five years. (Tr. 341). Thus, the record makes clear, and the government does not appear to challenge, that Bingemann qualified as Ennis's treating physician. Therefore, his opinion is "generally entitled to controlling weight." *Lesterhuis*, 805 F.3d at 88.

Having reviewed the entire record, including the newly submitted opinion of the treating physician, I conclude that the ALJ's decision is not supported by substantial evidence because it is contradicted by Bingemann's opinion.[2] Bingemann's assessment, if given controlling weight, would be inconsistent with the ALJ's conclusion that Ennis could perform sedentary work. Among other things, Bingemann opined that Ennis could stand, walk, or sit at most a total of one to two hours a day. (Tr. 344). The ALJ concluded that Ennis retained the RFC for sedentary work with additional limitations, including a sit/stand option and no bending from the waist. (Tr. 20). Accordingly, it appears that Bingemann's opinion is inconsistent with

---

[2] Having concluded that the ALJ's decision is not supported by substantial evidence in light of the newly-submitted opinion of Bingemann, I need not determine whether the Appeals Council had an independent obligation to provide good reasons for failing to give weight to the new opinion of a treating physician, an obligation that several courts in this circuit have concluded exists, *see*, *e.g.*, *Rosas-Nazario v. Colvin*, 2015 WL 5104548, *3 (W.D.N.Y. 2015) (citing *Newbury v. Astrue*, 321 F. App'x 16 (2d Cir. 2009) and collecting cases), but which the Second Circuit explicitly declined to address, *see Lesterhuis*, 805 F.3d at 89.

the ALJ's conclusion that Ennis could perform sedentary work, which requires the ability to sit for up to six hours per day. *See Carvey v. Astrue*, 380 F. App'x 50, 52 (2d Cir. 2010); *Correa v. Colvin*, 2014 WL 4676513, *1 (E.D.N.Y. 2014) ("[r]emand is warranted because the ALJ determined that plaintiff was capable of performing sedentary work, despite the absence of any evidence suggesting that she could sit for the required six hours per day, and the presence of reports by two examiners that plaintiff could only sit for 2-3 hours total in an 8-hour workday").

The government has not identified anything in the record that contradicts the specific limitations identified in Bingemann's opinion. Instead, the government contends that Bingemann's medical assessment was conclusory and thus unlikely to have affected the ALJ's decision. (Docket # 9-1 at 21). While the government may be correct that reasons may exist for discounting or rejecting Bingemann's opinion, those reasons must be considered by the ALJ or the Appeals Council in the first instance, not by this Court. *See Lesterhuis*, 805 F.3d at 88-89 ("substantive critique of [treating physician's] opinions places courts, and not the SSA, in the position of making factual and medical determinations about the evidence before the agency[;] [n]either the ALJ nor the Appeals Council analyzed the substance of [the treating physician's] opinion, and we may not 'affirm an administrative action on grounds different from those considered by the agency'") (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)). On remand, the ALJ must consider Bingemann's opinion and determine whether it should be given controlling weight and whether Ennis is ultimately entitled to benefits; if the ALJ determines that the opinion is not entitled to controlling weight, the ALJ must explain the reasons for discounting or rejecting the opinion. [3] *Lesterhuis v. Colvin*, 805 F.3d at 88 (that treating physician's opinion

---

[3] In a submission to this Court dated May 8, 2015, Ennis submitted an additional assessment authored by Patrick Ellsworth dated March 9, 2015. (Docket # 11). The assessment appears to address Ennis's physical limitations following surgery on her right ankle. This assessment postdates both the ALJ's and the Appeals Council's decisions and apparently was not submitted in connection with Ennis's administrative claim. She also

is generally entitled to controlling weight does not preclude the ALJ from concluding, upon

remand, that opinion is "not entitled to any weight, much less controlling weight, but that

determination should be made by the agency in the first instance").


### <u>CONCLUSION</u>

For the reasons stated above, the Commissioner's motion for judgment on the

pleadings **(Docket # 9)** is **DENIED**.  This case is remanded to the Commissioner pursuant to 42

U.S.C. § 405(g), sentence four, for further administrative proceedings consistent with this

decision.

**IT IS SO ORDERED.**


                                                  _*s/Marian W. Payson*_
                                                  MARIAN W. PAYSON
                                                  United States Magistrate Judge


Dated:  Rochester, New York
        January 25, 2016

---

submitted statements from her mother and daughter that postdate the Appeals Council's decision and additional
medical records. (Docket # 1-2)  Whether, and the extent to which, this additional evidence should be considered in
connection with Ennis's claim for benefits is a matter that should be addressed by the ALJ on remand.